UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICK ASHTAR-ZADEH,<br><br>Defendant | Criminal No.  24cr10297<br><br>Violation:<br><br>Count One: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, NICK ASHTAR-ZADEH ("ASHTAR-ZADEH"), lived in Dracut, Massachusetts.

2. Company A was a cosmetics company headquartered in Texas.

3. Amazon was an e-commerce business that, among other things, connected online sellers and buyers. Amazon was headquartered in the state of Washington.

4. eBay was an e-commerce business that connected online sellers and buyers. eBay was headquartered in California.

Scheme to Defraud

5. From at least in or about June 2020 until at least in or about July 2021, ASHTAR-ZADEH operated a scheme to defraud Company A and online buyers by offering Company A's products for sale on Amazon and eBay without authorization and deceiving Company A into

shipping products to those buyers under its 30-day trial program for a fraction of the products' list prices.

6.      As part of the fraud scheme, ASHTAR-ZADEH deliberately misled Company A into shipping products under its 30-day trial program, which permitted a buyer to order the company's products for an upfront payment of $19.95 (before taxes and fees), charged to a form of payment (*i.e.*, credit card) that the buyer provided at the time of purchase.  If the buyer did not decide to return the product within 30 days, the Company charged monthly installment payments totaling Company A's full list price for the product (typically between approximately $140 and $200) to the payment method originally provided by the buyer.

7.      ASHTAR-ZADEH operated Amazon and eBay "stores" that offered various products for sale, including Company A's products, even though ASHTAR-ZADEH was not authorized by Company A to resell its products.  ASHTAR-ZADEH offered Company A's products to buyers for one-time payments that were typically equal to or below Company A's list prices for the same products.

8.      When buyers purchased Company A's products from one of ASHTAR-ZADEH's stores, ASHTAR-ZADEH enrolled the buyers in Company A's 30-day trial program for the same products via Company A's website, without the buyers' knowledge or consent.  ASHTAR-ZADEH provided Company A with the buyers' addresses, thereby causing Company A to ship the products to the buyers, who believed they had purchased the products outright from ASHTAR-ZADEH's online store for a one-time payment.

9. When enrolling buyers in Company A's trial program, ASHTAR-ZADEH supplied forms of payment that fulfilled the initial payments of $19.95 but failed when Company A attempted to charge subsequent installments after buyers kept the products past 30 days.

10. In this manner, ASHTAR-ZADEH sold Company A's products to hundreds of buyers on eBay and Amazon, thereby pocketing the difference between payments from Amazon and eBay for his sales of Company A's products (less various platform fees) and the initial $19.95 payment to Company A, and defrauding Company A of the difference between its full retail price for those products and the one-time upfront payments ASHTAR-ZADEH made.

COUNT ONE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

11.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-10 of this Information.

12.     Beginning at least in or about June 2020 and continuing through in or about July 2021, in the District of Massachusetts and elsewhere, the defendant,

NICK ASHTAR-ZADEH,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, including an order of a product through Company A's trial program on Company A's website on or about November 15, 2020.

All in violation of Title 18, United State Code, Section 1343.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

13. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

NICK ASHTAR ZADEH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following assets:

    a. At least $111,156, to be entered in the form of a forfeiture money judgment.

14. If any of the property described in Paragraph 13, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 13 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                                        JOSHUA S. LEVY
                                        Acting United States Attorney

                    By:    */s/ David M. Holcomb*
                                        DAVID M. HOLCOMB
                                        Assistant U.S. Attorney

Date: September 25, 2024